

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

Overruled by *W.W. 516*, *W.W. 426* where conflict

September 18, 1948

Hon. R. E. Schneider, Jr.          Opinion No. V-685
County Attorney
Live Oak County                    Re: Effective date of a
George West, Texas                     proposed election to
                                       abolish the office of
                                       County Superintendent
                                       in Live Oak County.

Dear Sir:

We refer to your recent letter from which we quote, in part:

"Live Oak County is a county having more than 2,000 but less than 3,000 scholastic population, and the County Superintendent has recently resigned.

"The statute authorizing and providing for the office of County Superintendent is Article 2688 as amended by the Acts of 1945, and provides in part as follows:

"'In all counties now or hereafter having the office of County Superintendent, where the scholastic population according to the last scholastic census is less than 3,000, but more than 2,000, the office of County Superintendent shall continue unless and until a majority of the qualified property tax paying voters of said county, voting at an election held to determine whether said office shall be abolished, shall vote to abolish said office, which election shall be ordered by the Commissioners' Court upon petition therefor as hereinafter specified. Provided, however, that if a majority of said voters voting at said election hereinabove provided for, vote to abolish said office said election shall not become effective until the expiration of the term of office for which the County Superintendent

has been elected or appointed.'

"The term for which the County Superintendent was elected will expire December 31, 1950. The office is now vacant.

"Under the provisions of Article 2355 of the Revised Civil Statutes, the Commissioners' Court has authority to fill vacancies in the office of the County Superintendent, such appointee to hold office until the next General Election.

"It seems to be the concensus of opinion of the County School Board that the office of County Superintendent is not necessary in the county, due to the fact that due to recent consolidations and annexation proceedings there are only two common school districts in the county, the rest of the districts now being in two independent school districts. The County Board had in mind the circulation of petitions for the Commissioners' Court to call the election provided for in Article 2688 in order that the voters would have an opportunity to determine whether or not the office should be abolished, and the question arose as to when the election would become effective in the event it carried to abolish the office. The question being whether or not the election would become effective at the next General Election to be held this coming November, or would the election not become effective until January 1st, 1951."

In Opinion V-545, this office advised that by virtue of the provisions of Article 2688, as amended, (quoted in your letter hereinabove) all counties having the office of County Superintendent, where the scholastic population is less than 3,000 but more than 2,000, have been granted the express power to abolish by an election the office of County Superintendent. Further, that the general rule, supported by the weight of authority, is that where a county is empowered by the Legislature to create an office, it may, if unrestricted abolish it; but that the legislative history concerning the Texas Act, Article 2688, calls for an exception to this rule. Opinion 0-3839.

Live Oak County, assuming that it has the scholastic population reported herein, has the express power to abolish its office of County Superintendent in the manner set out in Article 2688, as amended. The Legislature having specifically provided the statutory procedure, applicable to Live Oak County, by which the office of County Superintendent may be abolished, it follows that said office may not be abolished in any other manner.

However, Article 2688, as amended, also provides that if a majority of the qualified voters vote to abolish said office of its County Superintendent "said election shall not become effective until the expiration of the term of office for which the County Superintendent has been elected or appointed." (Emphasis ours)

Since 1931, the office of County School Superintendent has been for a term of four years. Article 2688, V. C. S. By virtue of the provisions of Article 2355, however, wherever necessity requires the appointment of a person to fill a vacancy created in said office, that office is open to election at the next General Election, and the term of the appointee will expire on January 1st following the next General Election. Attorney General's Opinions Nos. 0-1664, 0-2212.

Attorney General's Opinion No. 0-1833 further advises to the effect that the fact that it is now too late for a candidate for nominee for the Democratic Party to get his name printed upon the Primary Election ballot, or as for that matter, the failure of the Democratic Party to select a nominee, will not affect the right of the people to elect a County Superintendent at the General Election in November. The voters may vote their choice by writing the candidate's name in the blank space provided for that purpose.

Thus, if the Commissioners' Court of Live Oak County, acting under Article 2355, appoints, prior to General Election day, a person to fill the vacancy existing in its office of County Superintendent, the term of said appointee qualifying therefor will expire on January 1st following the next General Election, towit, January 1, 1949; and if prior to General Election date, the office of County Superintendent is abolished in accordance with the provisions above quoted of Article 2688, as amended, then that statute provides in effect that

said abolishment election will become effective on "the expiration of the term of office for which the County Superintendent has been . . . appointed," towit, January 1, 1949.

## SUMMARY

If the Commissioners' Court of Live Oak County, acting under Article 2355, V. C. S., prior to General Election day appoints a person to fill the vacancy existing in the office of County Superintendent, the term of said appointee will expire on January 1st, following the next General Election.  Attorney General's Opinions Nos. 0-6923, 0-1664, 0-2212.

And if, prior to General Election day, the office of County Superintendent is abolished in accordance with Article 2688, V. C. S., as amended, said abolition election will become effective on "the expiration of the term of office for which the County Superintendent has been . . . appointed."

Yours very truly,

ATTORNEY GENERAL OF TEXAS

CEO:mw

By  *Chester E. Ollison*

Chester E. Ollison
Assistant

APPROVED:

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL